IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Charlotte Dahlman,<br><br>    Plaintiff,<br><br>v.<br><br>Compass Health Brands Corporation, Home Depot U.S.A., Inc. and John Doe,<br><br>    Defendants. | Civil Action No. 2:24-cv-01790-BHH<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE Defendants Compass Health Brands Corporation ("Compass") and Home Depot U.S.A., Inc. ("Home Depot"), by and through their undersigned counsel, hereby remove this action to the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on the following grounds:

### I.  BACKGROUND

1.    On February 8, 2024, Plaintiff Charlotte Dahlman filed the Complaint captioned <u>Charlotte Dahlman v. Compass Health Brands Corporation, Home Depot U.S.A., Inc. and John Doe</u>, Case No. 2024-CP-08-00407, in the South Carolina Court of Common Pleas for Berkeley County (the "State Court Action").  A copy of the Summons and Complaint and the other filings in the State Court Action are attached as **Exhibit A**.

2.    According to an affidavit of service, Home Depot was served with process on March 11, 2024, and Compass was served March 13, 2024.  Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

### II.  GROUNDS FOR REMOVAL

3.    According to the Complaint, Plaintiff is a citizen and resident of South Carolina. (Compl. ¶ 1, Ex. A).  The Complaint alleges Home Deport "is a Delaware corporation, organized

and existing under the laws of the State of Delaware[.]" (Compl. ¶ 2). Home Depot is a citizen of Delaware and Georgia because it is a corporation incorporated under the laws of Delaware with its principal place of business in Georgia. The Complaint alleges Compass "is a Delaware corporation, organized and existing under the laws of the State of Delaware[.]" (Compl. ¶ 3). Compass is a citizen of Delaware and Ohio because it is a corporation incorporated under the laws of Delaware with its principal place of business in Ohio. Defendant John Doe (the "John Doe Defendant") is being sued under a fictitious name and has not been identified or served with process; accordingly, the John Doe Defendant's alleged citizenship is disregarded for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(1). Accordingly, there is complete diversity of citizenship among the parties.

4. Although the Complaint does not demand a sum certain, Plaintiff seeks recovery for alleged personal injuries caused by an alleged fall. (Compl. ¶ 12). Plaintiff alleges "[a]s a result of this fall, [she] sustained serious, painful, and permanent injuries. (Compl. ¶ 12). She alleges sustained serious and permanent injuries causing her to be under the care of doctors, to incur medical expenses, and to experience severe pain. Plaintiff Dahlman has also suffered serious and permanent injuries, which have and will in the future cause her to endure great physical pain, suffering, mental anguish, emotional distress, and will ultimately incur future bills, past and future lost wages, and loss of earning capacity." (Compl. ¶ 13). The Complaint seeks "actual damages" "consequential damages" and "punitive damages" and "attorneys' fees and costs" and "other and further relief" as the Court "deems just and appropriate." (Compl. WHEREFORE ¶). In light of these allegations, the amount in controversy exceeds the $75,000.00 jurisdictional threshold under 28 U.S.C. § 1332(a).

5. Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the requisite jurisdictional amount, this action is removable under 28 U.S.C. § 1441.

6. Venue is proper in the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. § 1441(a) as it is the federal judicial district and division corresponding to the state court action where the subject events are alleged to have occurred.

7. Home Deport and Compass file herewith copies of all process and pleadings in the State Court Action pursuant to 28 U.S.C. § 1446(a).

8. The John Doe Defendant has not been identified or served with process. Accordingly, all defendants who have been properly joined and served consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

9. Pursuant to 28 U.S.C. § 1446(d), Compass and Home Deport will file a copy of this Notice of Removal with the Clerk of Court for the South Carolina Court of Common Pleas for Berkeley County and serve counsel with the same.

10. Home Deport and Compass have not yet answered or otherwise responded to the Complaint. Accordingly, Home Depot and Compass will file their answers and/or responsive motions within seven days of removal pursuant to Rule 81(c) of the Federal Rules of Civil Procedure.

11. Defendants have simultaneously filed with this Notice of Removal their Answers to the Interrogatories required by Local Civil Rule 26.01.

WHEREFORE, Defendants hereby remove the State Court Action to this Court.

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

*/s/ Joseph D. Thompson, III*
Joseph D. Thompson, III, Federal Bar No. 6062
Email: jthompson@hallboothsmith.com
Thomas A. D. Barrow, Federal Bar No. 13364
Email: tbarrow@hallboothsmith.com
111 Coleman Boulevard, Suite 301
Mount Pleasant, South Carolina 29464
Phone:  843-720-3460

*Attorneys for Defendants Compass Health Brands Corporation and Home Depot U.S.A., Inc.*

April 10, 2024

Mount Pleasant, South Carolina